# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI SINGH DHILLON,<br><br>                                       Petitioner,<br>  vs.<br><br>JANET NAPOLITANO, Secretary of the Department of Homeland Security; et al.<br><br>                                     Respondents. | CASE NO. 09cv0540 JM(AJB)<br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER PROVISIONALLY DENYING MOTION FOR APPOINTMENT OF COUNSEL; SCHEDULING ORDER |

**Motion to Proceed in Forma Pauperis**

On March 18, 2009, Petitioner, a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding in propria persona, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. Petitioner has also filed a request to proceed in forma pauperis which reflects a $0.08 trust account balance at the facility in which he is presently confined. Petitioner also declares that he possess no significant asset or source of funds. Petitioner cannot afford the $5.00 filing fee. Thus, the Court grants Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition without prepayment of the filing fee.

///

///

**Motion for Appointment of Counsel**

Petitioner, in an application prepared by the Federal Defenders, requests the appointment of counsel to assist him in prosecuting his Petition brought pursuant to 28 U.S.C. §2241 because he has little legal experience, lacks the financial wherewithal to obtain representation, and, given the complexity of the issues raised, cannot adequately address the issues raised in the Petition. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation. See Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 18 U.S.C. §3006A(a) and 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances" or in the "interests of justice." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In light of the legal and factual issues raised in the Petition, the court cannot adequately assess the complexity of the issues or Petitioner's ability to articulate his claims. In broad brush, Petitioner, who does not challenge his removability, alleges that he was taken into immigration custody on February 5, 2008 and that Respondents have failed to effectuate his removal within the presumptively reasonable six month period of time identified in Zadvydas v. Davis, 533 U.S. 678, 689 (2001). The Petition notes that India is one of the countries that the United States has listed as having had "significant problems obtaining travel documents." U.S. General Accounting Office, Immigration Enforcement, at *21 (May 2004). Petitioner also represents that the Government claimed that the reason that Petitioner had not been deported to India was due to his failure to provide the "the Indian Consulate with an accurate address in India." (Petition, Exh. A). The court concludes that an answer to the Petition will provide the court with the factual and legal context required to assess Petitioner's motion for the appointment of counsel.

In sum, the court provisionally denies the motion for appointment of counsel. Following the submission of the Government's answer, Petitioner may again request appointment of counsel in light

of the factual record and legal arguments submitted by Respondents.

**Scheduling Order**

    **1. RESPONDENT IS ORDERED** to file and serve an answer or other responsive pleading to the Petition no later than April 17, 2009.  The answer shall include any and all transcripts or other documents relevant to the determination of the issues presented in the Petition.

    2. **IT IS FURTHER ORDERED** that if Petitioner wishes to reply to the responsive pleading, a traverse or other appropriate pleading must be filed and served no later than May 1, 2009.  At that time, unless otherwise notified by the court, the matter will be taken under submission without oral argument pursuant to Local Rule 7.1(d)(1).

    3. **IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this order and the petition on the United States Attorney General or an authorized representative.

    **IT IS SO ORDERED.**

DATED:  March 19, 2009

                                                         Hon. Jeffrey T. Miller
                                                         United States District Judge

cc:        All parties